**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1771
_____

CORLIVEETHO MCMILLIAN,
Appellant

v.

JOHN E. WETZEL, Secretary of Corrections; JEFFREY WITHERITE, Western Region
Staff Assistant of Department of Corrections; SUPERINTENDENT BRIAN
COLEMAN; SECURITY CAPTAIN CAPSTICK; SECURITY CAPTAIN WEAVER;
UNIT MANAGER STEPHEN BOZAS; CO I OFFICER CARNS; CO I OFFICER
PALMER; PRISONER WILLIAM KULP
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-14-cv-01529)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2019

Before:  GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 4, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Corliveetho McMillian appeals the District Court's adverse judgment in this prisoner-civil-rights case. For the reasons discussed below, we will affirm the District Court's judgment in part, vacate in part, and remand for further proceedings.

In 2014, McMillian, a prisoner confined at SCI-Fayette during the events at issue in this case, filed a complaint under 42 U.S.C. § 1983. He alleged that the defendants—corrections officers and Pennsylvania Department of Corrections personnel—retaliated against him in a variety of ways for filing lawsuits and grievances and violated his Eighth Amendment rights by failing to protect him from another inmate. His primary claim concerned an incident in which inmate William Kulp sprayed feces on him while they were in the prison yard. McMillian claimed that, in accordance with prison procedures, defendants Officer Carns and Officer Palmer strip-searched Kulp before allowing him to go to the yard. During the search, McMillian claims that he heard Carns say, "I didn't see nothing," and Palmer say, "Yeah, yeah, I was looking at the t.v., I didn't see nothing either." ECF No. 48 at 5. Despite being searched, soon after being placed in a recreation cage next to McMillian, Kulp pulled out a seven-inch toothpaste tube and squeezed liquid feces from it onto him. McMillian claims that this was done at Carns's and Palmer's instigation. In addition to the § 1983 claims against the prison defendants, McMillian asserted state-law claims against Kulp.

A Magistrate Judge issued a report and recommendation concluding that summary judgment should be granted to the defendants. The Magistrate Judge concluded that all

2

of McMillian's retaliation claims besides the one concerning inmate Kulp's conduct were time-barred and that McMillian had failed to show that most of the named defendants had the requisite personal involvement in the alleged violations. Further, the Magistrate Judge concluded that McMillian had failed to present evidence that Carns or Palmer had any reason to expect that Kulp would squirt feces on him, which was fatal to both the retaliation and the Eighth Amendment claim. The Magistrate Judge noted that while McMillian had presented an affidavit from an inmate named Jamel Brockington saying that Kulp had told him he had acted at the guards' behest, the affidavit was hearsay and could not be considered for purposes of summary judgment. The District Court approved and adopted the report and recommendation. Kulp appealed, but we dismissed the appeal for lack of jurisdiction, explaining that because the District Court had not disposed of McMillian's claims against Kulp, the action was not final as to all claims and all parties. See C.A. No. 17-2055.

In the District Court, McMillian then requested an order certifying the Court's summary-judgment order for immediate appeal under Fed. R. Civ. P. 54(b). The District Court, in a single order, declined to exercise supplemental jurisdiction over McMillian's claims against Kulp, dismissed those claims without prejudice, and denied McMillian's Rule 54(b) motion as moot. Within 30 days of that order, McMillian filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. However, the scope of our jurisdiction is disputed. The defendants argue that because the only order that McMillian

3

specifically identified in his notice of appeal is the order denying his Rule 54(b) motion, we have jurisdiction to review only that order.

We are not persuaded. We construe notices of appeal liberally, particularly when they are filed by pro se litigants, see Powell v. Symons, 680 F.3d 301, 306 (3d Cir. 2012), and we can exercise jurisdiction over orders not specified in the notice of appeal where "(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139, 144 (3d Cir. 1998). These requirements are satisfied here. The two orders are connected—the very purpose of McMillian's Rule 54(b) motion was to authorize his appeal of the summary-judgment order—and, particularly given McMillian's premature appeal in C.A. No. 17-2055, there can be little question that he intended to appeal the earlier order. See Cortez v. Trans Union, LLC, 617 F.3d 688, 695 n.2 (3d Cir. 2010). Finally, the defendants have had the opportunity to brief the issues raised in the summary-judgment decision. See generally Powell, 680 F.3d at 306.

Thus, we are satisfied that we possess jurisdiction over the District Court's order granting summary judgment to the defendants. We review the grant of summary judgment de novo, applying the same standard as the District Court. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper if, viewing the record in the light most favorable to McMillian, there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002).

At the outset, we note that McMillian conceded in his opening brief that the District Court correctly ruled that his claims against several defendants fail either because the claims are time-barred or the defendants were not personally involved in the alleged misconduct.[1] We therefore will not address those matters further. See generally Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994). Moreover, while McMillian at times seems to contend that some alleged acts of retaliation that occurred more than two years before he filed his complaint can escape § 1983's two-year limitations period because they constitute continuing violations, we disagree. Rather, each alleged act of retaliation gave rise to a discrete cause of action. See Wisniewski v. Fisher, 857 F.3d 152, 158 (3d Cir. 2017); see generally Randall v. City of Phila. Law Dep't, -- F.3d --, No. 18-2303, 2019 WL 1272927, at *2 (3d Cir. Mar. 20, 2019).

Accordingly, we will limit our discussion to McMillian's retaliation and failure-to-protect claims arising out of the incident with Kulp as alleged against Carns and Palmer. Turning first to the retaliation claim, the District Court assumed that McMillian had engaged in protected activity and that Kulp's attack qualified as an adverse action (and

---

[1] This covers defendants John Wetzel, Jeffrey Witherite, Brian Coleman, and Security Captain Weaver. Further, the District Court concluded that defendant Security Captain Capstick does not exist, see ECF No. 40, and McMillian has not challenged that conclusion. We also affirm the District Court's ruling that defendant Stephen Bozas is entitled to summary judgment. While McMillian stated that he overheard Bozas telling Carns and Palmer to keep the pressure on him, "there is no evidence to link this statement to the incident involving Kulp," ECF No. 112 (D.C. Op.) at 9, and McMillian has presented no other evidence concerning Bozas.

5

we will do the same for purposes of this appeal), but concluded that McMillian had failed to present any admissible evidence to support his claim that Carns and Palmer conspired with Kulp. See generally Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (setting forth elements of retaliation claim); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) (discussing standards to show an unconstitutional conspiracy).

The District Court's ruling depended on its conclusion that Brockington's affidavit—in which Brockington stated that he heard Carns say to Kulp, "Tell Brockington how I took care of you after you [squirted feces on] McMillian," and that Kulp then told Brockington that Carns had bribed him to attack McMillian, ECF No. 104-5 at 3—is inadmissible hearsay that could not be considered for purposes of summary judgment. The Court erred in this respect. "The rule in this circuit is that hearsay statements can be considered on a motion for summary judgment if they are capable of being admissible at trial." Fraternal Order of Police, Lodge 1 v. City of Camden, 842 F.3d 231, 238 (3d Cir. 2016) (alteration omitted) (quoting Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267, 1275 n.17 (3d Cir. 1995)). Nothing suggests that Brockington would be unavailable to testify at trial. See id.; J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990). Further, Carns and Kulp are both party-opponents, and their statements are therefore admissible under Fed. R. Evid. 801(d)(2). See generally Albright v. Virtue, 273 F.3d 564, 569 (3d Cir. 2001).[2]

---

[2] The defendants argue that while Kulp was once a party-opponent, he no longer is because the District Court declined to exercise supplemental jurisdiction over the claims

6

The District Court also dismissed McMillian's affidavits as presenting only his "own suspicions and suppositions." ECF No. 112 at 10. However, that understates McMillian's evidence: McMillian swore in his affidavit (under penalty of perjury) that he had overheard a conversation between Palmer and Carns in which they admitted to being behind the attack. See ECF No. 104-7 at 1; see also Brooks v. Kyler, 204 F.3d 102, 108 n.7 (3d Cir. 2000) (noting that an affidavit is "about the best that can be expected from [a pro se prisoner] at the summary judgment phase of the proceedings" (quotation marks, alterations omitted)). Accordingly, we conclude that the District Court erred in concluding that McMillian had failed to present any admissible evidence to support his claim that the Carns and Palmer conspired with Kulp,[3] and we will therefore vacate its grant of judgment to Carns and Palmer on this retaliation claim.

Likewise, the District Court treated McMillian's Eighth Amendment failure-to-protect claim to be directed toward only defendants Wetzel, Witherite, Coleman, Weaver,

---

against him. However, on appeal, we "review the record as it existed at the time summary judgment was entered." Union Pac. R. Co. v. Greentree Transp. Trucking Co., 293 F.3d 120, 125–26 (3d Cir. 2002). At that time, Kulp was a party in the case.

[3] The circumstances of the attack could also support McMillian's claim. In discovery, Carns and Palmer acknowledged that they had strip searched Kulp just before the attack. The record contains no explanation of how, despite this search, Kulp came to possess a seven-inch container. Taking the facts in the light most favorable to McMillian, a jury could infer that this could be accomplished only with Carns's and Palmer's consent. See generally Hugh v. Butler Cty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005) ("On a motion for summary judgment, a district court must view the facts in the light most favorable to the non-moving party and must make all reasonable inferences in that party's favor."). This interpretation is also consistent with the comments that McMillian said he heard Carns and Palmer make while performing the search, in which they conspicuously denied seeing anything.

and Bozas. However, we read McMillian's complaint also to assert this claim against Carns and Palmer. See ECF No. 48 at ¶¶ 29-30. Because much of the same evidence that supports McMillian's retaliation claim against these defendants may also support a failure-to-protect claim, see generally Farmer v. Brennan, 511 U.S. 825, 833–34 (1994), we will also vacate the District Court's judgment as to this claim against these two defendants.[4]

Thus, we will affirm the District Court's judgment in part and vacate in part and remand for further proceedings. More particularly, we will affirm the District Court's disposition of all of McMillian's claims with the exception of his retaliation and failure-to-protect claims against defendants Carns and Palmer. Because our decision to remand the matter as to these claims means that not all claims over which the District Court has original jurisdiction have been dismissed, we will also vacate and remand the District Court's order declining to exercise supplemental jurisdiction over McMillian's claims against Kulp. See United States ex rel. Silver v. Omnicare, Inc., 903 F.3d 78, 94 (3d Cir. 2018).

---

[4] We express no opinion about the merits of the failure-to-protect claim.